[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff here seeks damages from the defendant Germinaro, a deputy sheriff, for Germinaro's failure to pay over to her creditor monies garnisheed from her husband's wages for a joint debt with her husband. This failure, she claims, resulted CT Page 8490 in the plaintiff's wages being later subject to an excessive and improper wage execution.
The plaintiff has established that the defendant failed to pay over $1,165.03 of the levied monies until 1990, when the monies were collected by him between 1982 to 1985. The plaintiff has also so established that as a result of that failure, the creditor's attorney caused a wage execution, levying some $4,621.45, in interest and collection fees, to be placed against the plaintiff's wages in 1989. The court finds the defendant's failure to pay over these sums to be conduct contrary to Germinaro's official duty, and accordingly, the defendant is liable to the plaintiff for damages under just and equitable principles. Jordon v. Gallup 16 Conn. 535.
In Jordan where no actual damages were sustained and the sheriff's breach was a "mere venial departure" from his official duty, the court assessed nominal damages.
Here, however, the court finds that at the time of the initial attachment of the plaintiff's husband's wages, the creditor's attorney required no post judgment interest. Only after the defendant failed to pay over his collections was that interest computed by the creditor's attorney and collected in full from the plaintiff. In addition, the plaintiff was forced to bear the expense of execution of the two wage executions. Furthermore, she had taken from her wages the $1,165.03 withheld from her husband's wages and not turned over to the creditor's attorney by the defendant and interest on that sum until it was collected from her wages. Since all but a nominal amount of the initial wage execution amount was levied against her husband's wages between 1982 and 1985, the court finds but for the defendant's failure to pay over the levied amounts the plaintiff's wages would never have been subject to a wage execution. Since $4,621.45 was accordingly levied of her wages, that sum would here be fair and equitable damages. Here also the court may not find a mere venial departure from duty described in Jordan.
The defendant argues the Statute of Limitations Laws bars plaintiff, however, where, as here, the wrong is a continuing course of conduct, the statute does not run until the conduct is completed. Prokolkin v. General Motors, 170 Conn. 289, 298
(1976).
Accordingly, judgment may enter for the plaintiff to recover of the defendant the sum of $4,621.45.
McDONALD, J. CT Page 8491